IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PEGGY CROSS § | |
| § | CIVIL ACTION NO. 3:20-cv-01921-M |
| VS. § | |
| § | DEFENDANT DEMANS A JURY |
| WALMART, INC. AND § | |
| WAL-MART STORES TEXAS, LLC § | |

**JOINT CONFERENCE REPORT**

COME NOW, Plaintiff, Peggy Cross ("Plaintiff"), and Defendants, Walmart, Inc. and Wal-Mart Stores Texas, LLC ("Defendants" and collectively as the "Parties"), and, subject to their Joint Agreed Motion to Compel Arbitration & Stay Litigation, submit this Joint Conference Report as required by the Court's July 22, 2020 Order Requiring Scheduling Conference and Report for Contents of Scheduling Order.  The Parties show the Court as follows:

**1.    A brief statement of the claims and defenses;**

Plaintiff

Plaintiff alleges she contracted COVID-19 in the course and scope of her employment with Defendants.  Plaintiff agrees her claims are subject to a valid and enforceable Arbitration Agreement adopted by Defendants in its Texas Injury Care Benefit Plan.

Defendants

Defendants agree Plaintiff's claims are subject to the valid, enforceable Arbitration Agreement contained in its Texas Injury Care Benefit Plan.

The Parties submit 2 through18 subject to their Joint Agreed Motion to Compel Arbitration & Stay Litigation.

**2.    A proposed time limit to file motions for leave to join other parties;**

The Parties do not anticipate joining any other parties but propose a deadline of **October 5, 2020.**

**3.    A proposed time limit to amend the pleadings;**

Plaintiff's deadline to add claims or contentions: **October 26, 2020.**

Defendants' deadline for responses to claims and contentions and to assert any defenses: **November 23, 2020.**

4. **Proposed time limits to file various types of motions, including dispositive motions (NOTE: The dispositive motion deadline cannot be less than 90 days before trial; the Court prefers 120 days);**

Motion to Compel Arbitration:  **August 15, 2020.**

Motion to Dismiss or Dispositive Motions:   **May 24, 2021.**

5. **A proposed time limit for initial designation of experts;**

Plaintiff will designate her experts and provide the information identified in FRCP 26(a)(2) by **April 26, 2021.**

6. **A proposed time limit for responsive designation of experts;**

Defendants will designate their experts and provide the information identified in FRCP 26(a)(2) by **June 14, 2021.**

7. **A proposed time limit for objections to experts (i.e., *Daubert* and similar motions);**

The Parties propose that all motions to limit expert testimony or exclude experts be filed by **August 3, 2021.**

8. **A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues;**

The Parties propose a deadline to complete all discovery, fact and expert, by **July 19, 2021.**

The Parties intend to conduct discovery on Plaintiff's causes of action, Defendants' alleged liability, Defendants' policies and procedures, Defendants' actions to warn or make safe, Defendants' affirmative defenses, the facts surrounding the  incident, causation issues regarding COVID exposure, and Plaintiff's alleged damages.

The Parties agree to conduct written discovery, including depositions on written questions to obtain Plaintiff's medical records.  The Parties will also be conducting depositions of Plaintiff, Defendants' associates, witnesses, medical professionals and experts.

The Parties agree that fact and expert discovery should not be in separate phases and that both should be completed by the July 19, 2021 deadline.  The Parties also agree that discovery should be limited to the following issues: Plaintiff's causes of action, Defendants' alleged liability, Defendants' policies and procedures, Defendants' actions to warn or make safe, Defendants'

defenses, the facts surrounding the incident, causation issues regarding COVID exposure, and Plaintiff's alleged damages.

9. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;**

The Parties have agreed that depositions on written questions do not count against the number of depositions permitted by the FEDERAL RULES OF CIVIL PROCEDURE. Defendants make this requested change to the rules so that they can obtain Plaintiff's medical and billing records, employment records and other such items as may be necessary to evaluate Plaintiff's claims, without harming Defendants' ability to take the oral depositions of critical fact and expert witnesses.

The Parties have also agreed that depositions shall be limited to 6 hours per witness.

The Parties have agreed that Plaintiff shall be permitted to prove up past medical expenses through affidavit. Such affidavits must be filed by Plaintiff's expert witness deadline. The Parties have further agreed that Defendants are not required to controvert the affidavits, but rather are entitled to defend or rebut Plaintiff's treatment through expert testimony and/or by affidavit. If Defendants should choose to rely in whole or in part on controverting affidavits, such shall be filed by the Defendants' expert designation deadlines.

10. **Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;**

The Parties do not anticipate any issues with ESI at this time.

11. **Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a Court Order;**

The Parties request a protective order, including an attorneys' eyes only provision, to protect the confidentiality of Defendants' proprietary documents, Defendants' employees' personnel files, and any other information and/or documents relating to Defendants' business, should the production of such documents be required. The Parties will present a proposed Protective Order for the Court's consideration and entry, if necessary.

The Parties agree that Defendants' discovery production is subject to Plaintiff's execution of a Confidentiality Agreement to be provided by Defendants.

With regard to exchange of trial preparation material, the Parties request the Court set deadlines for specific pretrial exchange of witness list, exhibit list, deposition excerpts and motions in limine approximately 14 days before a pretrial conference to allow the parties an opportunity to make agreements and prepare for trial.

12. **A proposed trial date, estimated number of days required for trial and whether a jury has been demanded;**

The Parties are requesting a trial date of **September 20, 2021.** The estimated length of trial is 3 days. A jury has been demanded.

**13.     A proposed date for further settlement negotiations;**

The Parties discussed the amount in controversy and settlement at their initial conference. Plaintiff is still undergoing medical care and treatment, and Plaintiff's counsel is still gathering Plaintiff's medical and billing records. As such, Plaintiff has not made a settlement demand, and Defendants have not made a settlement offer. Once Plaintiff has obtained her medical and billing records, Plaintiff will provide a settlement demand. If the Parties are unable to reach an agreement regarding settlement on their own; they have agreed to attend mediation with a mediator, to be agreed upon by the Parties, by **June 28, 2021.**

**14.     Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

The Parties do not have any objections to the timing, form, or requirement for disclosures under Rule 26(a).

The parties will provide responses to initial disclosures on or before **August 19, 2020.**

**15.     Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Rebecca Rutherford;**

The Parties do not consent to a jury trial before United States Magistrate Judge Rutherford.

**16.     Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case;**

The Parties agree to participate in mediation with a mediator, to be agreed upon by the Parties, by **June 28, 2021.**

**17.     Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;**

   a.    The Parties will comply with FRCP 26(a)(3) Pretrial Disclosures including the time for pretrial disclosures.

   b.    The Parties request that depositions on written questions not count against the limitations on the number of depositions a party can take.

   c.    Plaintiff shall be permitted to prove up past medical expenses through affidavit. Such affidavits must be filed by Plaintiff's expert witness deadline. The Parties have further agreed that Defendants are not required to controvert the affidavits, but rather is entitled to defend or rebut Plaintiff's treatment through expert testimony and/or by affidavit. If Defendants should choose to rely in whole or in

        part on controverting affidavits, such shall be filed by the Defendants' expert designation deadlines.

    d.    The Parties ask that depositions be limited to 6 hours on the record per witness.

**18.**    **Whether a conference with the Court is desired; and**

The Parties do not need a conference at this time. The Parties may need a pretrial conference after pretrial disclosures to address objections and any other pretrial matters.

**19.**    **Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c).**

Currently pending before the Court is the Parties' Joint Agreed Motion to Compel Arbitration & Stay Litigation. The Parties request the Court grant the Motion referring this matter to arbitration and staying the present lawsuit.

    Dated: _____, 2020.

[Remainder of page intentionally left blank]

**Respectfully submitted,**

*/s/Jamie J. Gilmore*

**JAMIE J. GILMORE**
Texas Bar No. 24045262
jgilmore@galyen.com

**BRITTNEY THOMPSON**
Texas Bar No. 24104618
bthompson@galyen.com

**BAILEY & GALYEN**
1300 Summit Avenue, Suite 600
Fort Worth, TX  76102
817.276.6000

**ATTORNEYS FOR PLAINTIFF**

**-AND-**

*/s/John A. Ramirez*

**JOHN A. RAMIREZ**
Texas Bar No. 00798450
jramirez@bushramirez.com

**BUSH & RAMIREZ, PLLC**
5615 Kirby Drive, Suite 900
Houston, TX  77005
713.626.1555
713.622.8077 (Fax)

*/s/Ramona Martinez*

**RAMONA MARTINEZ**
Texas Bar No. 13144010
rmartinez@cobbmartinez.com

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Avenue, Suite 3100
Dallas, TX  75201
214.220.5202
214.220.5252 (Fax)

**ATTORNEYS FOR DEFENDANTS**